CONNOLLY et al. v. DUNBAR.

(Circuit Court, E. D. Pennsylvania. May 23, 1900.)

ASSIGNMENT—CONSTRUCTION—PARTIALLY EXECUTED CONTRACT FOR WORK.
An assignment of the right to do the work specified in a contract, made after a portion of such work had been completed by the assignor, refers only to the work still to be done, and does not vest in the assignee the right to recover the retained percentage due on the work previously done.

On Motion for New Trial.

Frank P. Prichard and Thomas S. Gates, for plaintiff.
James M. Beck, for defendant.

McPHERSON, District Judge. I have considered the two matters that were especially urged upon my attention as reasons for granting a new trial, but without seeing sufficient ground to change the opinion that I have heretofore expressed.

As it seems to me, Fenner's assignment to the plaintiffs gave them no more than the right to go on with the work from the point where Fenner was ready to leave it. This is the natural and ordinary meaning of the language used by the parties: "For value received I hereby transfer the above contract, or right to do the work referred to in foregoing letter, to the firm of N. K. & M. Connolly." It was not the whole of the original contract that was thus transferred. "The above contract" is explained by the clause immediately succeeding to mean merely "the right to do the work referred to"; and, in the nature of things, this could not embrace work that had been already done, but could only include what still remained. I think, therefore, that the assignment gave the plaintiffs no right to the retained percentage of the work that had then been finished by Fenner, and that this part of their claim was properly excluded from the jury's consideration.

Neither am I able to assent to the proposition that the subcontract with Fenner gave him the right to remove all the rock that might at any time thereafter be blasted by the plaintiffs at the places that were named in the original contract, regardless of the fact that a definite appropriation had been made that was only sufficient, and was evidently only intended, for taking out part of the rock. The quantity of work to be done under the original contract of December, 1895, was limited by the amount of money that the city had set apart for this purpose, and I think that the contract extended no further. That this was the understanding of both parties is clearly shown, as it seems to me, by the fact that a supplemental contract was found necessary, and was executed, in April, 1897, after a second appropriation for continuing the excavation had been made by councils. There is other evidence, also, supporting the same conclusion, but I need not refer to it specifically.

The motion for a new trial is refused.